UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

United States of America

v.

Jesus Guzman Villegas,

               *Defendant.*

**Protective Order**

**23 Mag. 2650**

―――――――――――――――――――――――――――

     Upon the application of the United States of America, and with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

### Categories

    1. **Disclosure Material.** The Government, as a courtesy to the defendant and to facilitate a potential pre-indictment resolution of this case, will make disclosure to the defendant of certain documents, objects and/or information ("disclosure material"), including electronically stored information ("ESI"), notwithstanding the absence of any obligation by the Government to do so in advance of the filing of an Indictment in connection with this case. The Government's disclosure material may include material that affects the privacy, confidentiality and business interests of individuals and entities.

    2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

### Disclosure and Treatment

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

   a. The defendant;

   b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

   c. Prospective witnesses for purposes of defending this action.

### Other Provisions

3. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

4. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

6. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**Retention of Jurisdiction**

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *[signature]*            Date: April 11, 2023
    Brandon C. Thompson
    Assistant United States Attorney

                                           Date: April 12, 2023

*[signature: Amy Gallicchio]*
Amy Gallicchio, Esq.
Counsel for Jesus Guzman Villegas

SO ORDERED:

Dated: New York, New York
       April 13, 2023

                                            *[signature]*
                                            THE HONORABLE SARAH L. CAVE
                                            UNITED STATES MAGISTRATE JUDGE